# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE MARIE KOSTO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-1252 |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) ) ) ) | Magistrate Judge Cathy Bissoon[1] |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

### **I.     MEMORANDUM**

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 15). For the reasons that follow, Defendant's motion will be granted.

**BACKGROUND**

The facts underlying Defendant's motion are largely undisputed and, indeed, Plaintiff, Rose Marie Kosto, concedes that "[t]he Defendant, The United States Postal Service, has asserted an accurate outline of the relevant facts at issue and has attached the necessary documents." Pl.'s Resp. (Doc. 17) at 2. The undersigned provides the following background, therefore, for context.

Plaintiff filed this action under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, alleging age-based harassment and retaliation for engaging in protected activity. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or around March 20, 2007. Def.'s Br. (Doc. 16) at 1. On August 28, 2007, the EEOC issued a Final Agency Decision, ruling against Plaintiff on all of her claims. Id.

---

[1]     By consent of the parties, the undersigned sits as the District Judge in this case.

Plaintiff then retained an attorney, Bernard J. Rabik to represent her on appeal before the EEOC. Id. On May 12, 2009, the EEOC affirmed its decision and informed Plaintiff in writing of her right to file a civil action in federal court within "ninety (90) calendar days from the date that [she] receive[d] [that] decision." Def.'s Exh. A. Assuming five days for mailing, the parties do not dispute that Plaintiff had until August 17, 2009, to file a complaint in federal court.

On August 12, 2009, however, Mr. Rabik sent a letter to the EEOC requesting that the limitations period for filing a lawsuit be extended by 30 days, or until September 15, 2009. Def.'s Exh. B. Mr. Rabik cited no authority for such a request. Def.'s Exh. B. It is undisputed that the EEOC never granted or otherwise responded to this request. Def.'s Br. at 2. Sometime thereafter, Plaintiff hired Erik Yurkovich, who currently represents her, and through him filed a complaint with this Court on September 15, 2009. Id. at 3.

Defendant has moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on the ground that Plaintiff's complaint is time-barred as it was filed outside of the 90-day limitation period set forth in 29 U.S.C. § 626(e). Doc. 15. Plaintiff, by her response, asks that the Court equitably toll the 90-day filing period because Plaintiff "reasonably believed" that she had until September 15, 2009, to file a complaint. Pl.'s Resp. (Doc. 17) at 3.

**STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court of Appeals for the Third Circuit has held that in order to succeed on a motion for judgment on the pleadings the movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (*quoting* Jablonski v. Pan

Am. World Airways, Inc., 863 F.2d. 289, 290-91 (3d Cir. 1988)). In reviewing a Rule 12(c) motion, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.[2]

**ANALYSIS**

The issue before the Court boils down to whether it should strictly enforce the 90-day limitation period provided in 29 U.S.C. § 626(e)[3] in light of Mr. Rabik's extension request. It is largely settled that the 90-day period in which a plaintiff may file a lawsuit "is akin to a statute of limitations rather than a jurisdictional bar," which means that it is proper to consider the doctrine of equitable tolling. Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236, 240 (3d Cir. 1999). See also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (under Title VII, time limits are not jurisdictional but are instead like statutes of limitations). Nevertheless, "[t]he law [also] is clear that courts must be sparing in their use of equitable tolling." Id. at 239. "[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Id. at 240. As the Supreme Court noted in Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984), "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."

Against this backdrop, equitable tolling has been permitted in this Circuit when: (1) a claimant has received inadequate notice of her right to file suit; (2) a motion for appointment of

---

[2] Under Federal Rule of Civil Procedure 12(d), if matters outside of the pleadings are presented to the court and are not excluded, as is the case here, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Because the parties here do not dispute the underlying facts or evidence, and because Plaintiff does not contend that additional discovery is necessary, whether Defendant's motion is treated as one under Rule 12 or Rule 56 is largely an academic exercise, as the result will be the same under either analysis.

[3] 29 U.S.C. § 626(e), in relevant part, provides: "If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."

counsel is pending; (3) the court has misled the plaintiff into believing that she has done everything required of her; (4) a defendant has actively misled the plaintiff; (5) the plaintiff "in some extraordinary way" was prevented from asserting her rights; or (6) when the plaintiff timely asserted her rights in the wrong forum. Seitzinger, 165 F.3d at 240 (citations omitted). None of those situations is present here and, in particular, there have been no misrepresentations, deceit, lulling and/or "extraordinary" circumstances that served to prevent Plaintiff from filing her complaint in this case.

Conversely, courts have been hesitant to allow equitable tolling on the basis of bad lawyering. Id. ("The usual rule is that attorney errors will be attributed to their clients."). Additionally, the Supreme Court has held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Holland v. Florida, --- S.Ct. ----, No. 09-5327, 2010 WL 2346549 (Jun 14, 2010) ("We have previously held that a garden variety claim of excusable neglect, such as simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal citations and quotations omitted). In Irwin, for example, the plaintiff's lawyer was out of the country when the right-to-sue letter was delivered to his office, resulting in the lawyer filing suit outside of the limitations period. Irwin, 498 U.S. at 96. The Supreme Court refused to apply equitable tolling in that context. Id. As such, Mr. Rabik's confession that his alleged inability to file a timely complaint was caused by his own delay in meeting with his client, cannot serve as a basis for equitable tolling.[4] Def.'s Exh. B.

Moreover, "ignorance of the law" is not sufficient to invoke equitable tolling. School Dist. of City of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981). That Plaintiff may not

---

[4] The Court observes that Defendant's Exhibit B demonstrates that Mr. Rabik practiced with at least seven other lawyers at the time, who, presumably, could have filed Plaintiff's complaint. Def.'s Exh. B.

have understood that her extension request had not been granted, does not permit equitable tolling. See Montoya v. Chao, 296 F.3d 952, 958 (10th Cir. 2002) (holding that tolling was unwarranted notwithstanding Montoya's claim that "he ha[d] limited education and little understanding of the law or of the 'intricacies of the procedural framework of Title VII actions or the appropriate manner in which to file an action in federal court'"). Nor can Mr. Rabik's failure to appreciate that such an extension request could not be granted by the EEOC[5] – and, indeed, had not been granted by the EEOC -- be sufficient to invoke equitable tolling. As such, Plaintiff's belief, reasonable or not, is not adequate grounds for tolling the 90-day period.

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Defendant's Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

    s/ Cathy Bissoon
    Cathy Bissoon
    U.S. Magistrate Judge

September 9, 2010

cc (via e-mail):

Erik M. Yurkovich, Esq.
Lee J. Karl, Esq.

---

[5] This Court is unaware of any authority, and Plaintiff has pointed to none, that would have permitted the EEOC to grant an extension of, or toll, the filing deadline.